**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

SCOTTSDALE INSURANCE COMPANY,

*Plaintiff*,

CAUSE NO.:

— vs—

SHANE MUNDELL d/b/a BRICE PLAZA,
RONALD SHANE MUNDELL d/b/a CHAMPS SPORTS BAR,
RONALD SHANE MUNDELL, individually,
MUNDELL LTD.,
JAREAL GRAY,

*Defendants*.

**COMPLAINT FOR DECLARATORY JUDGMENT
(28 USC 2201, et seq.)**

The plaintiff, SCOTTSDALE INSURANCE COMPANY, an Ohio corporation ("Scottsdale"), by its attorneys, Goldberg Segalla, LLP, brings this action under the Declaratory Judgment Act (28 U.S.C. § 2201, et seq.), against SHANE MUNDELL doing business as BRICE PLAZA, RONALD SHANE MUNDELL doing business as CHAMPS SPORTS BAR, RONALD SHANE MUNDELL, individually, MUNDEL LTD., and JAREAL GRAY, (hereinafter collectively referred to as "Defendants"), and alleges as follows:

**Nature of the Action**

1. This is a declaratory judgment action wherein commercial general liability ("CGL") insurer Scottsdale seeks a declaration that its limit of liability in the Underlying Complaint is $25,000, based upon the Assault and Battery Sublimit in its policy.

**Jurisdiction and Venue**

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this litigation occurred in this judicial district, including:

   a. Shane Mundell's domicile is believed to be in Lafayette, Indiana;

   b. The named insured's address on the policies is 610 South Earl Avenue, Lafayette, Indiana 47904;

   c. All Defendants are domiciled or have a principal place of business in Tippecanoe County, Indiana;

   d. Indiana law determines the rights and obligations of the parties to this case with respect to the insurance policies at issue.

4. The amount in controversy, exclusive of interest or costs is not alleged in the Underlying Complaint filed in Tippecanoe County. However, the following facts are known to have been alleged:

   a. Jareal Gray has asserted a claim for injuries "included but not limited to skull fracture, temporary and permanent traumatic brain injury, temporary and permanent loss of use of limbs, pain and suffering, and loss of employment." Underlying Complaint para 10.

   b. According to a letter from the Lafayette Police Department, police officers observed on the ground Jareal Gray who "did not appear to be completely conscious". Gray had a welt on his right forehead. "Officers were advised Gray had sustained multiple brain bleeds."

   c. Based on these alleged facts, Plaintiff reasonably believes that Jareal Gray hopes to recover in excess of $75,000.00 in the underlying action.

   d. In addition, if a duty to defend exists, the cost of defense of the underlying case could reasonably exceed $75,000 dollars.

  e. Given the damages the underlying plaintiff hopes to recover and the reasonably anticipated costs of defense, if Scottsdale is determined to owe a duty to defend or a duty to indemnify under its policy, the amount in controversy is over $75,000.00 and the minimum jurisdictional amount in controversy has been met.

5. Pursuant to the following allegations under "Parties", Plaintiff Scottsdale and Defendants are citizens of different states pursuant to 28 U.S.C. § 1332(a)(1).

## Parties

6. Plaintiff Scottsdale is an insurance company organized under the laws in the State of Ohio and has its principal place of business in the State of Arizona. Pursuant to 28 U.S.C. § 1332(c)(1), Scottsdale is a citizen of Ohio and Arizona.

7. Defendant SHANE MUNDELL d/b/a BRICE PLAZA is an individual who is believed to be domiciled in Lafayette, Indiana. At the time of the events in the Underlying Complaint, Brice Plaza was an unincorporated sole proprietorship owned by Shane Mundell. This defendant is a citizen of Indiana.

8. Defendant RONALD SHANE MUNDELL d/b/a CHAMPS SPORTS BAR, is an individual who is believed to be domiciled in Lafayette, Indiana. Champs Sports Bar is an unincorporated sole proprietorship owned by Ronald Shane Mundell. This defendant is a citizen of Indiana.

9. Defendant RONALD SHANE MUNDELL is an individual who is believed to be domiciled in Lafayette, Indiana. This defendant is a citizen of Indiana.

10. Defendant MUNDELL LTD. is a corporation incorporated in the state of Indiana with a principal place of business at 610 S. Earl Ave., Lafayette, Indiana, 47904. This defendant is a citizen of Indiana.

11. Defendant JAREAL GRAY is an individual believed to be domiciled in Lafayette, Indiana. This defendant is a citizen of Indiana.

**The Underlying Complaint**

12. On or about August 29, 2016, Jareal Gray filed the Underlying Complaint. A copy of the Underlying Complaint is attached hereto as Exhibit A, and is incorporated herein by reference. (See ¶19)

13. The Underlying Complaint seeks damages for personal injuries to Jareal Gray occurring in the Champs Sports Bar in Lafayette, Indiana ("Champs") and alleges, among other things, as follows:

   a. The Underlying Complaint names the following defendants:

   Mundel, LTD

   Ronald Shane Mundell, individually

   Ronald Shane Mundell d/b/a Champs Sports Bar

   b. That on or about April 12, 2015, Gray was a patron of Champs and was attacked by other patrons who struck him. Ex. A, ¶¶4-5.

   c. That Champs owed Gray a duty to use reasonable care to protect him from injury caused by other patrons on its premises. Id. at ¶6.

   d. That Champs breached its duty to Gray by:

      i. failure to use reasonable care to protect him from injury caused by other patrons;

      ii. failure to provide adequate staff and other security measures to control disorderly conduct;

      iii. failure to remove the patrons who attacked Gray from the premises despite knowledge those patrons were a danger to Gray and other patrons;

      iv. failure to warn Gray of the danger posed by other patrons;

      v. failure to intervene to stop the attack or call police. Id. at ¶7.

## The Scottsdale CGL Policy

14. Scottsdale issued policy no. CPS2209435 to "Mundell Ltd." 610 S Earl Ave Lafayette IN 47904-3264." A certified copy of the policy is attached hereto as Exhibit B, and is incorporated herein by reference ("CGL Policy"). The policy contains a Schedule of Named Insureds which includes Mundell Ltd d/b/a Champs.

15. The CGL Policy has an effective period of March 13, 2015, to March 13, 2016 and includes commercial property and CGL coverages.

16. The Policy contains the following insuring agreement under Coverage A:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insurance against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply…

**\*\*\***

17. The Policy contains the following relevant exclusion:

**2. Exclusions**

This insurance does not apply to:

\*\*\*

**c. Liquor Liability**

"Bodily injury" . . . for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol;

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

5

>> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:
>
>> **(a)** The supervision, hiring, employment, training or monitoring of others by that insured;
>
>> ***
>
>> if the "occurrence" which caused the "bodily injury" …involved that which is described in Paragraph **(1), (2)** or **(3)** above.

***

18. The Policy contains an "Assault and/or Battery limited Liability Coverage Form" Endorsement (GLS-285s (12-13)) ("Endorsement"). The Endorsement states, in pertinent part, as follows:

> Except as provided by this coverage form, this policy does not apply to "injury," "bodily injury," . . . arising from:
>
> **1.** Assault and/or Battery committed by:
>    **a.** Any insured;
>    **b.** Any employee/"employee" of any insured; or
>    **c.** Any other person; or
>
> **2.** The failure to suppress or prevent Assault and/or Battery by any person in **1.** above; or
>
> **3.** The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery; or
>
> **4.** The negligent:
>    **a.** Employment;
>    **b.** Investigation;
>    **c.** Supervision;
>    **d.** Reporting to the proper authorizes, or failure to so report; or
>    **e.** Retention
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs **1.** and **2.** above.
>
> We will have no duty to defend any suit/"suit" against you seeking damages/"damages" on account of any such injury unless coverage is provided by this Coverage Form.
>
> The coverage provided is described below:
>
> **INSURING AGREEMENTS**

6

For the premium shown below, we agree to afford coverage with respect to **Assault and/or Battery Liability** only as indicated on this Coverage Form and subject to the provisions set forth in this Coverage Font, at liability limits of $25,000 Each Claim and $50,000 Aggregate unless otherwise stated below.

* * *

**1. COVERAGES—ASSAULT AND/OR BATTERY LIABILITY**

We will pay on your behalf all slims which you shall become legally obligated to pay as "damages because of "injury..." [or] "bodily injury," . . . to any person arising out of Assault and/or Battery that takes place during the policy period.

We will have the right and duty to defend any suit against you seeking such "damages" even if any of the allegations of the suit are groundless, false, or fraudulent and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obligated to pay any claim or judgment or to defend any suit after the applicable Limit of Liability shown in this Coverage Form has been exhausted. However, we will have no duty to defend the insured against any suit seeking "damages" to which this insurance does not apply.

* * *

**4. LIMITS OF LIABILITY**

Regardless of the number of insureds under this policy, our liability is limited as follows:

The limit of liability stated in this coverage form as applicable to each Event is the most we will pay for all "damages" arising out of "injury," "bodily injury," . . . because of assault and/or battery, regardless of the number of insures, persons injured, claims made or suits brought or persons or organizations making claims or bringing suits. The limit of liability stated above as Aggregate, subject to the above provision regarding each Event, is the total limit of our liability under this coverage for all "damages" in any policy period.

**5. DEFINITIONS**

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

"Damages" means a monetary judgment, award, or settlement, including damages for death, which are payable because of injury to which this insurance applies. ...

"Damages" shall not include:

**a.**   Amounts paid to you as fees or expenses for services performed which are to be reimbursed or discharged as a part of the judgment or settlement; or

**b.**   Judgment or awards arising from acts deemed uninsurable by law.

"Injury" means damages because of "bodily injury" ... including damages for care, loss of services or loss of support.

"Event" means an act or series of acts based on or arising out of the same assault and/or battery.

* * *

## THE UNDERLYING COMPLAINT

19. The Complaint in the Underlying Lawsuit ("Underlying Complaint") alleges that on or about April 12, 2015, Jareal Gray was injured when he was attacked by patrons of Champs Sports Bar ("Champs"), who repeatedly struck Gray throughout his body and in the head.  A true and correct copy of the Underlying Complaint is attached hereto and incorporate herein as **Exhibit A.** (See ¶12)

20. The Underlying Complaint alleges that Champs owed a duty of reasonable care to protect Gray from injury caused by other patrons and guests on their premises.

21. It is further alleged that the conduct of those who attacked Gray was reasonably foreseeable to Champs because said persons were intoxicated and had engaged in disorderly conduct before the attack on Gray.

22. The Complaint alleges that as a direct and proximate result of the negligence of Champs, Gray sustained injuries including but not limited to a skull fracture, temporary and permanent traumatic brain injury, and other injuries.

23. The Underlying Complaint seeks damages in excess of $50,000 for medical expenses, pain and suffering, lost earnings, temporary and permanent injury and for continued cost of care.

24. Scottsdale has agreed to defend Champs in the underlying lawsuit pursuant to a full and complete reservation of rights.

25. The Policy's Exclusion **c.** bars coverage for injuries Champs may be held liable due to causing or contributing to the intoxication of any person, as well as furnishing alcoholic beverages to people under the influence of alcohol.

26. Paragraph 8 of the Underlying Complaint alleges the injuries to Mr. Gray were caused by the intoxication of patrons at Champs Sports Bar who were intoxicated.

27. Based upon these allegations in the Underlying Complaint, the policy's exclusion **c.** applies to bar coverage.

28. The Complaint against Champs alleges that Champs breached its duty to Gray in the following respect:

> i.   Failure to use reasonable care to protect him from injury caused by other patrons and guests on their premises.
>
> ii.  Failure to provide adequate staff and other security measures to police and control disorderly conduct.
>
> iii. Failure to remove those patrons who attacked Gray from the premises despite knowledge those patrons presented a danger to Gray and other patrons.
>
> iv.  Failure to warn Gray of the danger posed by other patrons.
>
> v.   Failure to intervene to stop the attack or to call the police while Gray was attacked.

29. Pursuant to the Assault and/or Battery Limited Liability Endorsement, injuries arising from assault and/or batteries committed by any person are excluded. The Endorsement nonetheless affords coverage for damage because of injuries arising out of assault and/or battery, subject to a $25,000 each claim sublimit.

30. Since striking someone repeatedly constitutes an assault as that term is defined used, Mr. Gray's injuries necessarily result from an assault and further, from "[t]he serving or furnishing of alcoholic beverages which results in" a battery.

31. To the extent any coverage is afforded to Champs in connection with Count Two, the available coverage is limited to the Endorsement's $25,000 per claim sublimit.

32. A declaration regarding the Endorsement's sublimit is ripe for review because, in the event a judgment in the Underlying Lawsuit is rendered against Champs the monetary value of the judgment is highly likely to exceed $25,000.

WHEREFORE, Plaintiff, SCOTTSDALE INSURANCE COMPANY, respectfully requests this Court to declare and adjudge the controversy as follows:

A.  Scottsdale has no duty to indemnify Champs in excess of $25,000;

B.  The maximum limit of liability covered by the Scottsdale policy with respect to the underlying Compliant is $25,000; and

C.  Grant any other relief that this Court deems just and equitable under the circumstances, including the award of costs.

DATED:	April 26, 2017

                Respectfully submitted,

                **GOLDBERG SEGALLA LLP**

                By:  /s/  *Patrick B. Omilian*
                One of the Attorneys for Scottsdale Insurance Company

Patrick B. Omilian (Indiana Bar #23973-53)
Sharon Angelino (pro hoc vice to be filed)
GOLDBERG SEGALLA, LLP
665 Main Street
Buffalo, New York 14203
(716) 566-5400 / Fax: No.: (716) 566-5401
pomilian@goldbergsegalla.com

6421072.1